UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:12-CV-00689-JHM

LITE SOURCE, INC.                                                                          PLAINTIFF

v.

INTERNATIONAL LIGHTING CORP.
D/B/A INTERLIGHT                                                                       DEFENDANT

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant International Lighting Corp.'s motion to

dismiss [DN 23]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court

**DENIES** the Defendant's motion.

**I. BACKGROUND**

Plaintiff Lite Source, Inc. is a wholesaler of medical and other specialty light bulbs,

marketing and selling its products throughout the United States through its website, as well as a

printed catalog. The catalog first began being published approximately 15 years ago and Plaintiff

copyrighted the 2001 catalog, receiving its Certificate of Registration on July 29, 2005. Defendant

International Lighting Corp. d/b/a Interlight is a competitor of Plaintiff and operates a website

located at www.interlight.biz. Plaintiff alleges that Defendant copied and pirated numerous pictures,

images and part numbers owned and used by Plaintiff, which are protected by the copyright. The

use of the pictures, images and part numbers was done without Plaintiff's permission. A cease and

desist letter was sent to Defendant on October 5, 2012 and Plaintiff states that some copyrighted

pictures and images were removed but not all of them. Allegedly, Defendant informed Plaintiff that

it needed to "self-police" the hundreds of pictures and images on Defendant's website, but yet

blocked Plaintiff from accessing Defendant's website from Plaintiff's computers.

On October 19, 2012 Plaintiff filed its Complaint alleging, among other claims, copyright infringement under 17 U.S.C. § 501.  In order to correct any deficiencies, Plaintiff filed an Amended Complaint on December 27, 2012, which included side by side comparisons of thirty seven allegedly infringed images.  Defendant has filed its motion stating that Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(6).

## II. STANDARD OF REVIEW

Upon a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff," League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted), "accept all well-pled factual allegations as true[,]" id., and determine whether the "complaint states a plausible claim for relief[,]" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Under this standard, the plaintiff must provide the grounds for its entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct." Id. at 678, 679.  Instead, the allegations must "'show[ ] that the pleader is entitled to relief.'"  Id. at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

## III. DISCUSSION

In its motion, Defendant states that Plaintiff's Amended Complaint fails to meet the pleading

standard of Fed. R. Civ. P. 8(a)(2) because Plaintiff does not identify each specific image to support its copyright claim. Because the Amended Complaint only provides a sampling of certain images, Defendant argues it has to blindly guess which images are purportedly infringed. Defendant states that the Sixth Circuit has created a heightened pleading standard for copyright infringement cases and since the Complaint does not reach this heightened standard it must be dismissed. See Nat'l Business Dev. Services, Inc. v. Am. Credit Education and Consulting, Inc., 299 Fed. App'x 509, 512 (6th Cir. 2008). Defendant points out that seven of the thirty seven images attached to the Amended Complaint are dated after March 1, 2001, the publication date of the catalog listed on Plaintiff's Certificate of Registration, and argues that these images can not be part of the copyright registration. In further support of its motion to dismiss, Defendant also contends that Plaintiff failed to attach the full copyright registration application since Plaintiff did not include the specimens that were submitted with the application. As registration is a prerequisite to the filing of a copyright infringement action, Defendant reasons that the failure to provide notice is fatal to Plaintiff's claim. Lastly, Defendant argues that the "part numbers" in Plaintiff's catalog are not subject to copyright. See ATC Distribution Group, Inc. v. Whatever It Takes Transmissions & Parts, Inc., 402 F.3d 700, 713 (6th Cir. 2005).

Plaintiff responds stating that it has met the pleading standard by specifically identifying a sampling of images that forms the basis of the copyright infringement claim. In contrasting its complaint with the one in Nat'l Business Dev., Plaintiff argues that the identification of specific images protected by the copyright registration exceeds the heightened pleading and notice requirements. Furthermore, Plaintiff states that the Certificate of Registration shows a valid registration and ownership of the 2001 catalog which was registered as a "collective work."

"Registration of a collection extends copyright protection to each copyrightable element in the collection." <u>King Records, Inc. v. Bennett</u>, 438 F. Supp. 2d 812, 841 (M.D. Tenn. June 20, 2006). Plaintiff argues that the copyright registration at issue covers all the individual photographic images within the catalog.  As to the claims regarding the exclusion of part numbers from the copyright, Plaintiff states that "[c]ourts have found that classification schemes can be creative enough to satisfy the originality requirement of copyright protection."  (Pl.'s Resp., 6 [DN 25] (citing <u>Am. Dental Ass'n v. Delta Dental Plans Ass'n</u>, 126 F.3d 977, 979 (7th Cir. 1997))).  Plaintiff reasons that its part numbers are unique and meet the minimum threshold for protection under the copyright.

"The Copyright Act gives copyright owners the exclusive rights to reproduce, prepare derivative works from, distribute, and publicly perform or display a copyrighted work." <u>Severe Records, LLC v. Rich</u>, 658 F.3d 571, 578 (6th Cir. 2011).  Section 501 permits the legal owner of an exclusive right under a copyright to bring a cause of action for any infringement of that right. 17 U.S.C. § 501(b).  The Supreme Court has held that in order [t]o establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." <u>Feist Publications, Inc. v. Rural Telephone Service Co., Inc.</u>, 499 U.S. 340, 361 (1991); <u>see also</u> <u>Severe Records, LLC v. Rich</u>, 658 F.3d 571, 579 (6th Cir. 2011).  "The first prong tests the originality and non-functionality of the work, . . . both of which are presumptively established by the copyright registration.  The second prong tests whether any copying occurred (a factual matter) and whether the portions of the work copied were entitled to copyright protection (a legal matter)." <u>Lexmark Intern., Inc. v. Static Control Components, Inc.</u>, 387 F.3d 522, 534 (6th Cir. 2004) (internal citations omitted).

The Amended Complaint includes a copy of the Certificate of Registration of Plaintiff's

4

copyright. Plaintiff states that this "registered copyright includes all of the pictures, images and part numbers contained in its catalog and located on its website." (Am. Complaint, 2 [DN 18].) Although Defendant argues that the Plaintiff failed to adequately plead that some images were registered, taking the factual allegations as true, the Court finds that the Plaintiff has adequately pled ownership of a valid copyright of its 2001 catalog. In regards to the second element, Plaintiff states that on Defendant's website, Defendant "copied and pirated numerous pictures, images and part numbers owned and utilized by [Plaintiff], and which are protected by [Plaintiff's] copyright." (Am. Complaint, 3 [DN 18].) In support of this allegation, Plaintiff attached the thirty seven images. Construing the Complaint in the light most favorable to the Plaintiff, these images suggest that Plaintiff has a plausible claim of relief that Defendant copied Plaintiff's copyrighted work. Individual images may be challenged as discovery is conducted, but Plaintiff has established an infringement claim.

In National Business, the complaint alleged that "[a]t some time in the past, at a time not presently known[,] the individual Defendants . . . began to advertise, promote or offer for sale to the general public, educational materials, brochures, and other derivative works, which incorporate the copyrighted materials of the Plaintiff in the Registered Copyrighted Works." 200 Fed. App'x at 511. The complaint never identified any specific works and the Sixth Circuit affirmed the dismissal as "plaintiff did no more than plead bare legal conclusions." Id. at 512. In the case at present, however, Plaintiff identified where the pictures were produced by Defendant, on the website located at www.interlight.biz, and supplied images, specifically demonstrating the alleged copying of its copyrighted work. While the Plaintiff states that the images are only a sampling of the work, it has still demonstrated that there is potentially an infringement of Plaintiff's copyrighted material through

images located on Defendant's website.  Plaintiff's Amended Complaint provides more than the speculation involved in <u>National Business</u>.  Defendant is adamant that Plaintiff must identify each instance of copyright infringement, yet it cites no case law that supports its argument, and the Court disagrees that the Sixth Circuit in <u>National Business</u> suggested as much.  As Defendant points out, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations[.]" <u>Bell Atlantic Corp.</u>, 550 U.S. at 556.  The purpose of the short and plain statement is to give "the defendant fair notice of what the . . .  claim is and the grounds upon which it rests." <u>Id.</u> (internal quotation omitted).  Although Plaintiff states that the case could potentially involve hundreds of images found on Defendant's website, Defendant is fully aware of the claim and the grounds upon which it rests.

Defendant's arguments regarding the (1) registration of images after the date of the copyright; (2) the failure to adequately plead that the alleged infringed images are registered with the copyright office; and (3) "part numbers" not being amenable to copyright registration are not appropriate arguments for a motion to dismiss.  At this stage, the Court must accept all well-pleaded factual allegations as true and construe the complaint in favor of Plaintiff.  Defendant is challenging the alleged fact that the Plaintiff currently owns a registered copyright that includes all of the pictures, images and part numbers, as well as asserting substantive defenses and arguments not appropriate for a motion to dismiss.  Questions of fact remain before the Court or a jury can make those determinations.  Factual issues include which images are included in the copyright's registration, whether the catalog, as a "collective work," included works produced after 2001, and whether the copyright at issue extends to Plaintiff's part numbers as an original classification

scheme.  See <u>ATC Distribution Group, Inc.</u>, 402 F.3d at 707.  These facts do not need to be developed in a complaint in order for a plaintiff to show that it is entitled to relief in a copyright infringement action.

The only question the Court needs to answer in a motion to dismiss under 12(b)(6) is whether, in its Amended Complaint, Plaintiff "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  Plaintiff's Certificate of Registration creates a presumption of the copyright's validity and there is evidence that images on Defendant's website are identical to alleged copyrighted images in Plaintiff's catalog and website.  "[T]he 12(b)(6) motion does not attack the merits of the case.  It merely challenges the pleader's failure to state a claim properly." <u>Moore v. Johnson</u>, 826 F.Supp. 1106, 1108 (W.D. Mich. July 22, 1993) (citing 5c Fed. Prac. & Proc. Civ. § 1364 (3d ed.)); <u>See also</u> <u>Atco Mfg. Co. v. Share Corp.</u>, 2007 WL 1521008, *2 (E.D. Tenn. May 22, 2007).  Therefore, accepting all facts as true, and construing the Amended Complaint in the light most favorable to Plaintiff, the Court holds that Plaintiff's Amended Complaint states a claim upon which relief may be granted**.**

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Defendants' motion to dismiss [DN 23] is **DENIED**.  Defendant's previous motion to dismiss [DN 10] is **DENIED** as moot.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

March 7, 2013

cc: counsel of record