**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**LITE SOURCE, INC.**                                                                                    **PLAINTIFF**

**v.**                                                                                    **CIVIL ACTION NO.  3:12-CV-689-JHM**

**INTERNATIONAL LIGHTING CORP.**                                                                   **DEFENDANT**

<u>**OPINION**</u>

Currently pending before the court are several discovery motions (docket nos. 38, 41, 42, 57 and 68) and one discovery dispute briefed in correspondence with the court.  In an accompanying order, and for the reasons explained further in this opinion, the court will deny the plaintiff's motion for leave to propound a second set of interrogatories and request for production of documents (docket no. 68), as well as all other pending motions filed by the plaintiff (docket nos. 41, 42, and 57).  The court will also deny defendant's motion for leave to extend time to respond to discovery requests (docket no. 38) as moot, but will grant its request that plaintiff promptly supplement its discovery responses to the requests described in defendant's letter dated September 26, 2013.

**I.**

There are three written rules of federal court procedure at issue in this matter.  The first is Federal Rule of Civil Procedure 26(d)(1), which states:  "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except … when authorized by these rules, by stipulation, or by court order.  The second is Federal Rule of Civil Procedure 33(a)(1), which states:  "Unless otherwise stipulated by the parties or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts."  The third is Rule 37.1 of the Joint Local Rules of Civil Practice, which states:

> Prior to filing a discovery motion, all counsel must make a good faith effort to resolve extrajudicially any dispute relating to discovery. The Court will not entertain discovery motions unless counsel have conferred -- or attempted to confer -- with other affected parties in an effort to resolve their dispute.

There is also an unwritten "rule" of practice in the Western District of Kentucky known to those who practice here, namely that reasonable requests for exceptions to the rules (*e.g.*, to serve interrogatories before the parties' Rule 26(f) discovery conference, or for a mutual increase in the number of interrogatories served) are commonly agreed upon as a matter of course by counsel and, if not, almost always permitted by order of the court after the court's initial Rule 16 scheduling conference, if the party files an appropriate motion and makes a satisfactory explanation that counsel for the parties first attempted in good faith to resolve the request on their own.

## II.

One of the first discovery disputes brought to the court's attention was defendant's motion to strike any interrogatories in excess of twenty-five (docket no. 38). Without seeking leave of court, or the agreement of opposing counsel, plaintiff served on defendant 115 interrogatories (including subparts) well in advance of the parties' scheduled Rule 16 conference. Defendant objected to the requests as premature, but nevertheless agreed to respond. When the press of other business caused defendant to request a brief extension of time, however, plaintiff refused to grant the request. Accordingly, defendant filed a joint motion for an extension of time and a request that the court strike any interrogatories in excess of twenty-five (docket no. 38). Two days later, plaintiff sought the permission to serve additional interrogatories that he should have filed before serving the interrogatories to begin with (docket no. 41) and also filed a motion to compel (docket no. 42). On June 21, 2013, the court issued an order, which stated (in its substantive entirety): "[A]ll interrogatories in excess of 25 are struck from plaintiff's requests

for interrogatories. Interlight is not required to respond to plaintiff's propounded interrogatories in excess of 25" (docket no. 43).

Following the Rule 16 scheduling conference which took place on July 16, 2013, the magistrate judge (as is his customary practice) issued a scheduling order which clearly stated in bold type,

> **Motions pertaining to discovery and amendments to this Scheduling Order may not be filed without first having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy …**

*See* Sched. Ord., July 16, 2013, at p. 2, ¶ (5) (docket no. 46). The reason for this requirement is two-fold: (1) it promotes the most efficient resolution of discovery disputes by making sure they promptly come to the attention of the magistrate judge, who is charged with resolving them and (2) it maximizes the efficient use of both the court's and the parties' resources by requiring the magistrate judge to evaluate which issues require costly and time-consuming written pleading and which can be resolved quickly by means of oral argument over the phone. As a secondary benefit, this requirement permits the magistrate judge to determine whether the parties have complied with Local Rule 37.1 and, if not, to order them to meet in person and try to resolve any disagreements, rather than unnecessarily spend time and money briefing the issue of non-compliance.

On August 28, however, plaintiff disregarded the court's scheduling order and filed a second motion to compel (docket no. 57) without first arranging for a telephonic conference with the magistrate judge. Accordingly, the court promptly ordered that a telephonic conference to discuss pending discovery issues take place (*see* docket no. 59). During that conference, counsel for the parties advised the court that they had already resolved some of the issues discussed in their pleadings, but that some still required the court's intervention. Defendant's counsel also

advised the court that there also existed an as yet un-briefed dispute regarding the untimeliness and insufficiency of plaintiff's responses to certain of defendant's discovery requests. The magistrate judge advised the parties that it would look to the pleadings to resolve any issues addressed therein, but directed counsel "to submit short letter briefs regarding any remaining issues that require the court's resolution directly to chambers."

Defendant correctly understood the meaning of this language in light of the discussion during the telephonic conference and briefed the issue of the plaintiff's insufficient and late discovery responses. Plaintiff, however, apparently did not fully recall the particulars of the telephonic conference and therefore interpreted the order to require briefing of any unresolved issues that had already been brought to the court's attention via motion practice. Plaintiff made no response to the substance of defendant's letter brief.

Then, on October 31, in violation of Rule 33(a)(1) and the court's prior order stating that defendant is not required to respond to any interrogatories in excess of twenty-five, plaintiff served an additional twenty-two interrogatories (including subparts) on defendant. When defendant reminded plaintiff's counsel of the court's order in response to plaintiff's first violation of Rule 33(a)(1), plaintiff filed a *post hoc* motion for leave to file the discovery requests he had already served (docket no. 68).

### III.

By his own assertion, plaintiff's counsel has litigated several cases in federal court and is familiar with federal practice procedures. Accordingly, the court does not understand why plaintiff's counsel has repeatedly disregarded not only the federal and local rules of procedure, but also existing orders of the court regarding not only the required procedure for brining discovery disputes to this court's attention, and plaintiff's failure to comply with Federal Rule of Civil Procedure 33(a)(1).

Viewed in isolation, the actions of plaintiff's counsel are unacceptable, but the court is particularly disconcerted by plaintiff's counsel's assertion that he felt justified in serving additional interrogatories because he understands Federal Rule of Civil Procedure 33(a)(1) to preclude the service of more than twenty-five interrogatories *at any one time*. The court cannot accept that the argument was made after adequate reflection by counsel, given the unambiguous language of the rule itself and its legislative history, governing case law, customary practice in the Western District of Kentucky, and the court's unequivocal order regarding the first 115 interrogatories plaintiff served.

This is not to say, however, that courts in the Western District of Kentucky never permit parties to serve interrogatories in excess of twenty-five. They do, but only after counsel have conferred about their anticipated discovery needs and struck a mutually agreeable bargain. When one side is intractable, the judges of this district often grant motions for leave to serve excess interrogatories, particularly if the moving party asserts that the complexity of the case warrants additional discovery, or if the number of additional interrogatories requested is relatively small and the movant agrees to a corresponding increase for all other parties. Had plaintiff filed such a motion after attempting to resolve the matter extra judicially with defense counsel, and after participating in a telephonic conference with the magistrate judge to discuss the need for excess interrogatories, as required by the court's July 16, 2013 scheduling order, this court would almost certainly granted it. Plaintiff's counsel did not do so, however, and therefor the court will deny its motions requesting extra interrogatories, and all other motions filed in contravention of the court's orders.

In addition, because plaintiff opted not to respond on the merits to defendant's discovery concerns outlined in it's counsel's September 26, 2013, letter to the court, the court will accept

defendant's representations as accurate and meritorious. The court will order plaintiff to promptly respond fully and in good faith to these discovery requests, subject only to applicable claims of privilege. Plaintiff shall not refuse to respond on the basis that doing so would divulge confidential or proprietary information, because such arguments cannot be made in good faith given the parties' agreed protective order entered by the court on July 16, 2013 (docket no. 47).

**IV.**

The magistrate judge's tenacity in enforcing the parties' compliance with the rules of procedure and existing orders of the court is not enforcement for the sake of enforcement alone. Plaintiff's counsel cannot be permitted to continue to disregard this court's orders, or to take unreasonable positions regarding rules of procedure. But, the court is mindful that in every case, regardless of any missteps by counsel, there are real parties whose disputes deserve adequate investigation, evaluation, and resolution. Accordingly, the court's order denying plaintiff's pending motions, is not entirely with prejudice. Plaintiff may once again move the court for permission to serve additional interrogatories, but may only do so if he follows the proper procedures. In addition, he may only do so after he has met in person with trial counsel at a mutually convenient time and place to discuss and make a good faith effort to resolve all pending discovery disputes. The court expects this conference to take place as soon as reasonably possible, but is mindful of the scheduling complexities posed by the holiday season.

The court will enter a separate order regarding the rulings made in this opinion.

DATE:


Copies to:
Counsel of Record

0|30